Tompkins, J.,
delivered the opinion of the Court.
Bartlett brought his action of assumpsit in the Circuit Court of Marion county against Draper, and had judgment there, and to reverse the judgment of that Court Draper appeals to this. The bill of exceptions is in these words : “ Zaebariah G. Draper comes and moves the Court to set aside the verdict of the jury in the above cause, and grant a new trial for the following reasons :
First. After the jury retired from the bar to consult 'as to their verdict, two of the jurymen left the jury room, and remained absent for and during the night, without leave of the Court or consent of the parties.
Second. The verdict of the jury is against the law and testimony. Third. The defendant was taken, by surprise in the introduction of another new item in the plaintiff’s bill of particulars, which the Court, on motion, struck out of said bill of particulars, believing that he would be confined to said bill of particulars by him filed: and that he could not travel out of that bill; and that if the *342 defendant had known he would be permitted to add the one hundred dollars spoken of in the deposition of Hiram Woodsworth, it not being found in the bill of particulars, he, the defendant, would have introduced witnesses to prove that Woodsworth was mistaken, and that no such sum of one hundred dollars was paid by Bartlett to said defendant, or to James L. McGill as his clerk, at the time mentioned and described in the said deposition of Hiram Woodsworth; and the said defendant alledges that no such sum of one hundred dollars was charged or mentioned in the plaintiff ’» bill of particulars, as testified by said Woodsworth.
Pourth. The Court erred in instructing the jury, that they might find other sums of money due the plaintiff than those charged in his account filed.
Zachariah G. Draper, the above named defendant, makes oath and says, that he was taken by surprise on the trial of the above cause in this, that the plaintiff introduced the deposition of Hiraui Woodsworth to prove the sum of one hundred dollars paid by Bartlett to the said defendant’s clerk, which said one hundred dollars was not charged in the bill of particulars filed in the cause, and it was not known to said, defendant that he did claim or could claim any sum or sums other than those set forth in the hill of particulars, and particularly that proved in Woodswortb’s deposition, that he could have introduced evidence to show that Woodsworth was mistaken, and that no such sum of money was paid at fhe time stated in said deposition, either to the said McGill, as clerk of the said defendant, or to the defendant himself, and this he believes he is able to prove by other disinterested evidence. Signed by tba defendant.
The bill has the usual conclusion, and is signed by the Judge. Thus it is seen that the defendant moved for a new trial for reasons filed and copied into the hill of exceptions; and that he also filed an affidavit, which is also copied into the bill.
The office of the bill of exceptions is to save facts that occur on the trial, which might otherwise be disputed ; and the Judge of the Court, if the statements made in the bill be true, is required to sign such bill, and the bill then becomes a part of the record. The bill then, being a part of the record, proved that the defendant filed reasons for a new trial, one of which reasons was, that after the jury had retired from the bar to consult as to their verdict, two of the jury left the jury room, and remained absent for and during the night, without leave of the Court or consent of the parties; but can it be said that the hill of exceptions contains any admission of the truth of the statement ? Again it is stated in the affidavit of the defendant, that on the trial of the cause he was taken by surprise in this, that the plaintiff introduced the deposition of Hiram Woodsworth to prove the payment of one hundred dollars to the defendant’s clerk, which said sum of one hundred dollars was not charged in the bill of particulars. The Court might, for any thing we see in the bill of exceptions, have had no bill of particulars or depositions before it; or if it had such bill and deposition before it, it might have seen by inspection that the defendant’s complaint was unfounded. It is very true, that some depositions or copies of such are attached to the record of the Clerk, and that a bill of particulars is copied into the history of this cause by the Clerk, but they certainly constitute no part of the record. The language of the statute is: “ If during the progress of the trial in any civil cause, either parly alledge an exception to the opinion of the Court, and be that alledgeth the exception doth write the same, and prays the Judge to allow it, and sign and seal the same for a testimony, the Judge shall do so.” Now the attestation of the Judge only proves that the defendant’s attorney filed certain reasons for a nevr *343 trial, and an affidavit of the truth of some of them. How easy a matter for the counsel to have written thus: a On the trial of this cause it was proved, that after the jury retired to consult as to their verdict, two of the jurors left the jury room,” &c. The attestation of the Judge would then have proved the truth of the statement. It does not appear to us that the Circuit Court committed any error. Its judgment is therefore affirmed.